UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80022-Cr-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT JAY GOLDSTEIN,

Defendant.

_____/

### PLEA AGREEMENT

The United States of America (hereinafter "the United States" or "this Office"),
and ROBERT JAY GOLDSTEIN (hereinafter referred to as the "defendant"), enter into
the following agreement:

1.      The defendant agrees to plead guilty to the Sole Count of the Indictment,
which counts charge the defendant with Possession of a Firearm and Ammunition by a
Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and
924(a)(2).  The defendant admits that he is, in fact, guilty of the offense.

2.      The United States agrees that it will recommend at sentencing that the
Court reduce by two levels the sentencing guideline level applicable to the defendant=s
offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the
defendant's recognition and affirmative and timely acceptance of personal responsibility.
If at the time of sentencing the defendant's offense level is determined to be 16 or

- 1 -

greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  The United States, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or, (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

3.      The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant acknowledges he has discussed and understands the application of the federal sentencing guidelines with his counsel.  The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may

raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The Office of the United States Attorney for the Southern District of Florida and the defendant, reserve the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant conduct information concerning the defendant and his background.

5.      **MAXIMUM PENALTIES**: As to the Sole Count of the Indictment, to which the defendant is pleading guilty, the defendant understands and acknowledges that the Court may impose a maximum term of up to ten (10) years imprisonment, and a fine of up to two-hundred and fifty thousand dollars ($250,000), to be followed by a maximum three (3) year term of supervised release.  The defendant further understands that if he was not a United States Citizen, that his conviction for this offense would subject him to deportation or removal from the United States.

6.     The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash.  It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing.  If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the Court as to the reasons for his failure to pay.

7.     The defendant is also aware that his sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the government or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court.

8.     This Plea Agreement constitutes the entire agreement and understanding

between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3/26/2014

By: _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 3/21/14

By: _____
ROBERT ADLER
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 3/21/14

By: _____
ROBERT JAY GOLDSTEIN
DEFENDANT